IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  3:25-CR-226-N |
| v. | |
| OLAMILEKAN IDRIS YUSUFF (01)<br>ADAYOMI TEMITOPE ADEMUYIWA (03) | |

## UNITED STATES' MOTION TO SEVER

The United States of America, pursuant to FED. R. CRIM. P. 14, moves to sever the trials of defendants Olamilekan Idris Yusuff and Adayomi Temitope Ademuyiwa. Should the Court grant the government's motion, the Court should (1) continue defendant Yusuff's trial date; and (2) call defendant Ademuyiwa's case for trial on March 2, 2026. At that time, because defendant Ademuyiwa cannot appear for trial, the Court should issue a bench warrant for defendant Ademuyiwa's arrest.

On February 9, 2026, defendant Yusuff requested a continuation of trial and pretrial deadlines even if such a continuance would necessitate severing defendant Yusuff's case from defendant Adayomi Temitope Ademuyiwa's case.  (Dkt. 61 at ¶ 4).

Likewise, on February 12, 2026, defendant Ademuyiwa indicated that, although he objects to a continuance of his own case, he does not object to the codefendants' cases being severed in furtherance of both parties' positions.  (Dkt. 64 at 1.)

Defendant Ademuyiwa was deported from the United States on or about January 21, 2026.  (Dkt. 65 at 3.)  Trial is currently set for March 2, 2026.  (Dkt. 51.)

In light of the foregoing, the government hereby moves to sever defendant Yusuff

and defendant Ademuyiwa's cases pursuant to FED. R. CRIM. P. 14, and takes the following positions with respect to each defendant:

## DEFENDANT YUSUFF

The United States **does not oppose** defendant Olamilekan Idris Yusuff's request to continue the trial and related pretrial deadlines as to defendant Yusuff. (Dkt. 61.)

## DEFENDANT ADEMUYIWA

The government **opposes** defendant Ademuyiwa's Motion to Dismiss Indictment (Dkt. 60).

Additionally, the government **opposes** a trial of defendant Ademuyiwa *in absentia*. FED. R. CRIM. P. 43 requires a defendant's presence at every stage of trial. In *Crosby v. United States*, 506 U.S. 255, 258 (1993), where the defendant attended various preliminary proceedings and then failed to appear at the beginning of his criminal trial, the Supreme Court held that the district court could not proceed to trial in the defendant's absence. The Supreme Court characterized "the list of situations [under Rule 43] in which trial may proceed without the defendant [a]s exclusive." Because here, as in *Crosby*, the defendant will not appear at the beginning of trial, the Court should not proceed to trial *in absentia.*

Therefore, the government proposes that the trial of defendant Ademuyiwa remain set for March 2, 2026. At such trial date, when the defendant fails to appear, the Court should issue a bench warrant. *See generally United States v. Bodiford*, 753 F.2d 380, 381 (5th Cir. 1985) ("Bodiford was charged on four counts with knowing failure to file income tax returns [ . . . ] The case was called for trial as scheduled on July 5, 1983.

**Motion to Sever—Page 2**

Although his retained counsel appeared, Bodiford did not, and a bench warrant was issued on the income tax charges.").

## CONCLUSION

For the foregoing reasons, the Court should:

(1) Sever the trials of defendants Yusuff and Ademuyiwa;

(2) Continue the trial date and related pretrial deadlines as to defendant Yusuff;

(3) Call defendant Ademuyiwa's case for trial on March 2, 2026; and

(4) Thereafter issue a bench warrant for defendant Ademuyiwa's arrest when he does not appear.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ Madeleine S. Case*
MADELEINE S. CASE
Assistant United States Attorney
Texas Bar No. 24125166
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Madeleine.Case@usdoj.gov

**CERTIFICATE OF CONFERENCE**

I certify that on February 20, 2026, I corresponded with counsel for defendants Yusuff and Ademuyiwa via email. Both counsel stated that they are not opposed to a severance of the criminal trials.

*/s/ Madeleine S. Case*
MADELEINE S. CASE
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2026, I filed a true and correct copy of the foregoing motion with the Clerk of Court using the electronic case filing system, which will then send a notification of electronic filing to defense counsel, who have agreed to accept service via electronic means.

*/s/ Madeleine S. Case*
MADELEINE S. CASE
Assistant United States Attorney